UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NUMBER: 4:15 CR 69-2** |
| **OSCAR GABRIEL DELGADO** | |

<u>**MEMORANDUM IN SUPPORT OF**</u>
<u>**MOTION FOR DISCOVERY HEARING**</u>
<u>**REGARDING CHIEF ALLEN SCHMIDT**</u>
<u>**REGARDING BRADY AND KYLES EVIDENCE**</u>
<u>**(WITH EXHIBITS)**</u>

The Government secured an indictment against Defendants in this matter, based entirely upon a traffic stop of a vehicle occupied by the three defendants. The sole investigating and initiating officer was Allen Schmidt, Chief of the Ft. Berthold Police Department.

Chief Schmidt was rehired by the Ft. Berthold Police Department apparently without full knowledge of his background and history in law enforcement.

During the disciplinary process for which he was to be fired it he refused to take a drug test and further refused to disclose what medications he was on to the investigator. Furthermore he was referred for evaluations fitness for duty/counseling which he avoided. His documented misconduct throughout his employment with Fargo Police Department and assignments to and removal from BCI indicates problems. His lack of credibility has been born out by the records attached and his conduct in connection with the instant case is unexplained otherwise.

Based on information and belief Defense counsel is entitled to discovery regarding Chief Allen Schmidt under Brady v. Maryland and Kyles v. Whitley both decisions of the United States Supreme Court.

Defendants have reason to believe that Chief Schmidt has been involved in other "false sniff" cases while working with the West Fargo Police, BCI and as he claims to have been associated with DEA. This is only one but a crucial aspect to the entire stop, search and arrest of the defendant's in the

instant case. The defense investigation has located numerous other instances of misconduct engaged in by Chief Schmidt as is partially set for in the accompanying Listing of Known Areas of Brady, Kyles and Giglio Information Pertaining to Chief Allen Schmidt with exhibits of information provided by the USA as well as info secured by the defense's own investigation. The defense believes that significantly more information to which the defense is entitled has not yet been produced and will only be discovered and become know during and following a hearing hereon.

The Brady v. Maryland decision encompasses two aspects of evidence requiring production. It involves evidence which brings forth information indicating defendant's innocense. It also involves impeachment evidence regarding witnesses involved in the case. Under either of the above the evidence must be produced to the defense by the prosecution.

The Brady decision is expanded by the decision in Kyles v. Whitley another United States Supreme court decision which brought forth that under Brady and its progeny, the prosecution must avoid tacking too close to the wind when handing Brady evidence. Kyles and the cases that follow hold that even items that in and of themselves would not rise to the level of traditional Brady evidence multiple pieces of evidence can be assimilated to rise to the level previously believed to be Brady.

In the present case the background and history of the government's sole and star initiating witness is much like the peeling of an onion, which as each layer is peeled back revels yet another layer to be peeled back.

A prosecutor is not allowed to sit back and take the position that evidence somehow did not fall into his file, so therefore his is not obliged to find said evidence and turn over. The prosecution is mandated to search out, discover and voluntarily produce said evidence no matter how fatal it is to his or her case. Even in cases such as the instant where the subject, Chief Al Schmidt, has cleverly crafted a pathway back into law enforcement and has managed to mitigate his misdeeds of the past, the prosecutor is raised to an even higher level of investigation and inquiry when he knows or should have know what type of a person he is dealing with and relying upon to bring a very very serious case.

The defense is entitled to all Brady and Kyles information and hereby formally requests production in its entirety, even thought the defense is not required to make formal inquiry or request.

Defendant hereby produces in support of this motion: (1) Listing of known areas of Brady, Kyles and Giglio Information Pertaining to Chief Allen Schmidt, (2) Evidence produced by the USA Exhibit "A"; (3) Evidence discovered by defense investigation efforts Exhibit "B".

Defense hereby formally request a pretrial hearing with Chief Allen Schmidt under oath as well as production of all evidence to which it is entitled, with error being on the side of production rather than not.

**WHEREFORE**, for the foregoing reasons and further reasons to be developed at the hearing thereon, defendant Oscar Delgado request that a hearing be ordered and this motion be granted.

Respectfully Submitted;

_____
DONALD A. SAUVIAC, JR. LBRN#21071
P. O. Box 1204
Mandan, ND 58554
Telephone: (504) 214-9369

## CERTIFICATE OF SERVICE

I hereby certify that on the 2 day of Sept 2015, the above and foregoing document was filed electronically with e Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to AUSA David D. Hagler copy of the foregoing motion has been served on counsel for the United States. I further certify that a copy of the above and foregoing document will be mailed by first class mail, postage paid, to the following non-ECF participants.

_____
DONALD A. SAUVIAC, JR.